UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIJAH BAPTIST, | |
| Plaintiff, | Case No. 19-cv-3767 |
| v. | Judge John Robert Blakey |
| P.M.I ENERGY SOLUTIONS, JOSEPH MURPHY, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Elijah Baptist has sued Defendants P.M.I. Energy Solutions and one of its employees, Joseph Murphy, for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Defendants have now moved for summary judgment on all claims. [50]. For the reasons explained below, this Court grants Defendants' motion.

**I.   Background**

This Court takes the following facts from Defendants' statement of facts [50] and its exhibits. Plaintiff responded to Defendants' statement of facts [54], but the vast majority of those responses are legally inadequate. The Seventh Circuit has "repeatedly held" that "even pro se litigants must follow procedural rules." *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Additionally, the Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015). Under that

1

rule, a party's responses to the opposing party's statements of fact must contain "specific references" to record evidence to justify any denial. N.D. Ill. L.R. 56.1(b)(3). Plaintiff's denials to paragraphs 2, 15, 18–23, 25, and 27–29 of Defendants' statement of facts fail to cite record evidence refuting those particular facts, [54], and thus, this Court exercises its discretion to deem those facts admitted, *see* N.D. Ill. L.R. 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material"). In addition, although Plaintiff filed a statement of additional facts [55], he "failed to cite or submit evidence in support of nearly all of the additional facts he asserted," and this Court accordingly also exercises its discretion to disregard those facts without proper evidentiary support. *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015); *see* [55] at ¶¶ 1, 3–4, 6–12, 13–16, 18, 20–30.

This Court now turns to the facts of the case. From April 2016 to his termination in June 2018, Plaintiff worked as a groundsman for Defendant P.M.I. Energy Solutions. [50] at ¶ 8; [50-6] at 1. On June 1, 2018, P.M.I. issued Plaintiff a notice of termination signed by Defendant Joseph Murphy, the general foreman. [50-6] at 1. The notice of termination listed "Reduction in force" as the reason for termination. *Id.*; [50] at ¶ 31.

At his deposition, Plaintiff testified that one reason he believes P.M.I. laid him off is the "color of my skin"; he also testified that he believed Murphy is "a racist." [50-5] at 24. He additionally testified that he believes P.M.I. laid him off because, after he filed a past EEOC charge against Defendants, he showed George Williams

(P.M.I.'s CEO) "pictures of things that I was saying to them to prove what I was saying that was going on within the company concerning Joe Murphy." [50-5] at 23. Plaintiff conceded, however, that the pictures had nothing to do with his race or color, as set forth in his claims. *Id.*; [50] at ¶ 30.

In 2019, Plaintiff filed a pro se complaint against P.M.I. Energy and Murphy for age discrimination under the Age Discrimination in Employment Act (ADEA); color and race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; and unlawful termination, harassment, and retaliation in violation of the ADEA, Title VII, and 42 U.S.C. § 1981. [11] at 3. In January 2021, this Court dismissed Plaintiff's ADEA claims. [37]. Defendant moves now for summary judgment on the remaining claims. [50].

## II. Legal Standard

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *King v. Hendricks Cty. Comm'rs*, 954 F.3d 981, 984 (7th Cir. 2020). The non-moving party bears the burden of identifying the evidence creating an issue

3

of fact. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021–22 (7th Cir. 2018). To satisfy this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Barnes v. City of Centralia*, 943 F.3d 826, 832 (7th Cir. 2019). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not suffice; "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

## III. Analysis

### A. Discrimination Claims

When considering summary judgment on a race discrimination claim pursuant to Title VII and § 1981, the "singular question for the district court is whether the plaintiff has introduced evidence that would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 957 (7th Cir. 2021) (quoting *Purtue v. Wis. Dep't of Corr.*, 963 F.3d 598, 602 (7th Cir. 2020), *reh'g denied* (July 31, 2020)); *see also Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 892 n.1 (7th Cir. 2018) ("We generally have applied the same prima facie requirements to discrimination claims brought under Title VII and section 1981.").

Initially, although Plaintiff filed responses to Defendants' facts and his own additional facts, he failed to file a memorandum in opposition to Defendants' motion for summary judgment. *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) (instructing that "a party opposing a summary judgment motion must inform the

district court of the reasons why summary judgment should not be entered"). It thus is difficult to discern what theories Plaintiff relies upon to support his discrimination and retaliation claims, and this Court need not "research the law and construct the parties' arguments for them." *In re Calvert*, 913 F.3d 697, 702 (7th Cir. 2019) (quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)).

Regardless, the record contains no evidence suggesting that any discriminatory animus played a role in Plaintiff's termination from P.M.I. On the contrary, Defendant proffers a legitimate, nondiscriminatory reason for terminating Plaintiff, namely, the company's "Reduction in force." [50-6] at 1; [50] at ¶ 31. While Plaintiff testified that he believes P.M.I laid him off because the "color of [his] skin" and because Murphy is a racist, [50-5] at 24, he offers no concrete evidence to substantiate these subjective feelings, and thus, fails to raise a triable issue of fact on the issue of discriminatory motive. *See Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 812 (7th Cir. 2011) (noting that "wholly conclusory beliefs" that a plaintiff has been discriminated against do not suffice to create a triable issue of fact); *see also, e.g.*, *Anderson v. Ill. Cent. R.R. Co.*, No. 17-CV-1387, 2019 WL 1438567, at *14 (N.D. Ill. Mar. 31, 2019) ("Plaintiff's conclusory allegation that he felt like Duncan looked at and spoke to him and others because of their nationality is insufficient to create an inference of discrimination at the summary judgement stage."); *Hill v. St. James Hosp. & Health Ctrs.*, No. 10 C 5780, 2013 WL 593954, at *6 (N.D. Ill. Feb. 15, 2013) (ruling that the plaintiff's observation that "there was a difference in how she was

being treated because of her race" did not, on its own, create a genuine issue of material fact as to the defendant's racial animus).

Plaintiff also testified that he believes P.M.I. laid him off because he showed George Williams, its CEO, "pictures of things that I was saying to them to prove what I was saying that was going on within the company concerning Joe Murphy." [50-5] at 23. He admitted, however, that the pictures had nothing to do with race or color, *id.*, and this Court lacks any additional information regarding the content of those pictures or how they might relate to this case. Accordingly, this Court has no basis to infer that the act of Plaintiff showing Williams those pictures led to P.M.I.'s decision to terminate Plaintiff based upon race.

Because the record lacks any evidence of discriminatory animus, this Court grants summary judgment to Defendants on Plaintiff's discrimination claims.

### B. Retaliation Claims

The record is similarly devoid of any evidence of retaliation. The relevant question for Title VII and § 1981 retaliation claims is whether the "record contain[s] sufficient evidence to permit a reasonable fact finder to conclude that retaliatory motive caused the discharge." *Igasaki*, 988 F.3d at 959; *see also Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017) ("We generally use the same standard to review . . . retaliation claims under § 1981 and Title VII, and we do so here.").

In his complaint, Plaintiff alleges that he first filed a charge of discrimination against Defendants in January 2018, [11] at 4, and this Court presumes his theory of retaliation rests upon the notion that P.M.I terminated him due to the filing of this EEOC charge. But again, Plaintiff points to no evidence other than his own

6

speculation of any improper retaliatory motive, and "speculation is not enough to create a genuine issue of fact for the purposes of summary judgment" to demonstrate retaliatory intent. *Consolino v. Towne*, 872 F.3d 825, 830 (7th Cir. 2017).

Moreover, to the extent Plaintiff relies upon suspicious timing to create an inference of retaliatory intent, Plaintiff must establish that "no more than a few days" elapsed between the filing of his EEOC complaint and his termination. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 578 (7th Cir. 2021) (quoting *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012)). Here, however, P.M.I. terminated Plaintiff about six months after he allegedly filed his EEOC complaint, so the suspicious timing argument does not help Plaintiff overcome summary judgment based on the record here.

Because the record lacks evidence regarding retaliatory motive, this Court grants summary judgment to Defendants on Plaintiff's retaliation claim.

**IV. Conclusion**

For the reasons explained above, this Court grants Defendants' motion for summary judgment [50]. The Court directs the Clerk to enter judgment in Defendants' favor, to terminate [54] as a pending motion (this is Plaintiff's response to Defendants' statement of facts), and to strike all set dates and deadlines. Civil case terminated.

Dated: March 15, 2022

Entered:

_____
John Robert Blakey
United States District Judge

7